GARCIA, ARTIGLIERE & SCHADRACK
Stephen M. Garcia, State Bar No. 123338
sgarcia@lawgarcia.com
David M. Medby, State Bar No. 227401
dmedby@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, California 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

*Attorneys for Plaintiff and
Proposed Counsel for the Putative Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV12-08309 DMG (JCx)

| | |
|---|---|
| SALLIE CWIK, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>HARVEST MANAGEMENT SUB LLC; and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO.<br><br><u>COLLECTIVE ACTION</u><br><br>COMPLAINT FOR:<br><br>1. <u>VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)</u><br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff SALLIE CWIK (hereinafter referred to as "MS. CWIK" or "PLAINTIFF"), an individual, on her own behalf and on behalf of similarly situated parties, complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. This Court is empowered to issue a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202.

3. The Central District of California has personal jurisdiction over HARVEST MANAGEMENT SUB, LLC (hereinafter referred to as "HARVEST") because HARVEST is a limited liability company conducting substantial, continuous and systematic business throughout the State of California, including in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because HARVEST resides in this District.

## SUMMARY OF CLAIMS

5. Plaintiff, MS. CWIK was employed by HARVEST from October 25, 2010 to approximately January 30, 2010 as a live-in "Community Co-Manager" at HARVEST'S Hermitage, Pennsylvania senior retirement community commonly referred to as Whispering Oaks. Her duties as a "Community Co-Manager" included opening the retirement community to other employees each morning at 6:30 a.m., assisting kitchen personnel and wait staff in serving breakfast to residents, assisting the kitchen staff in preparation and service of three meals a day as necessary, cleaning the kitchen and dining room as necessary, assisting in maintenance activities, assisting cleaning crews and housekeeping staff, handling emergency calls, and performing on-site and off-site marketing of the retirement community to generate more occupants. Co-Managers continue working until the retirement community closes at 7:00 p.m. or later depending on resident activities and then are "on call" until 11:00 a.m. the following day to tend to residents that have after-hours emergencies. Co-Managers may be called after-hours to tend to elderly residents due to medical emergencies, or to simply handle emergency facility maintenance issues. MS. CWIK and other Co-Managers working for HARVEST were and/or are misclassified by HARVEST as salaried executive, administrative and/or professional employees and thereby

2
COMPLAINT

improperly treated as exempt from the provisions of federal law governing employees including the FLSA as described below.

6. Plaintiff, MS. CWIK was employed by HARVEST from approximately January 30, 2011 to December of 2011 as a live-in "Community Manager" first at HARVEST'S Hermitage, Pennsylvania senior retirement community commonly referred to as Whispering Oaks and then at HARVEST'S Erie, Pennsylvania senior retirement community commonly referred to as Niagara Village. Her duties as a "Community Manager" were substantially similar to her duties as "Community Co-Manager." MS. CWIK and other "Community Managers" working for HARVEST were and/or are misclassified by HARVEST as salaried executive, administrative and/or professional employees and thereby improperly treated as exempt from the provisions of federal law governing employees including the FLSA, as described below.

7. Plaintiff brings this action on behalf of herself and all persons who were, are, or will be employed by HARVEST nationwide as "Community Co-Managers" at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by HARVEST as salaried executive, administrative and/or professional employees and thereby treated as exempt from requirements for employees under federal law, including minimum wage and overtime compensation. This group is hereinafter referred to as the "CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS."

8. Plaintiff brings this action on behalf of herself and all persons who were, are, or will be employed by HARVEST nationwide as "Community Managers" at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by HARVEST as salaried executive, administrative and/or professional employees and thereby treated as exempt from requirements for employees

1 under federal law, including minimum wage and overtime compensation. This group is
2 hereinafter referred to as the "MANAGER NATIONWIDE FLSA COLLECTIVE
3 PLAINTIFFS."
4   9. HARVEST unlawfully classifies Plaintiff, the CO-MANAGER
5 NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and the MANAGER
6 NATIONWIDE FLSA COLLECTIVE PLAINTIFFS as salaried executive,
7 administrative and/or professional employees and thereby treat them as exempt from
8 minimum wage and overtime payments required under federal law, despite the fact that
9 they do not meet the requirements of the salaried executive, administrative and
10 professional employee exemption and are therefore not exempt from such requirements.
11 Plaintiff, the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS,
12 and the MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS worked
13 hours for which they were not paid minimum wage, worked overtime hours, as defined
14 by applicable federal laws, and are and have been entitled to lawful compensation for
15 all hours worked, including premium compensation at one and one-half times the
16 regular hourly rate for overtime hours ("overtime compensation"). HARVEST
17 designed a uniform, nationwide scheme at the corporate level whereby it improperly
18 classified Plaintiff, the MANAGER NATIONWIDE FLSA COLLECTIVE
19 PLAINTIFFS, and CO-MANAGER NATIONWIDE FLSA COLLECTIVE
20 PLAINTIFFS as exempt and paid them a set salary to avoid paying them substantial
21 overtime compensation. This scheme resulted in underpayments to Plaintiff, the CO-
22 MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS, and MANAGER
23 NATIONWIDE FLSA COLLECTIVE PLAINTIFFS. HARVEST has willfully refused
24 to pay Plaintiff, CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS,
25 and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS, the required
26 lawful minimum wage and/or overtime compensation for hours worked and has failed
27 to keep time records as required by law.
28   10. HARVEST'S practices violate the FLSA as pled herein. Plaintiff seeks

injunctive and declaratory relief, compensation at no less than the minimum wage and/or that which other similarly qualified employees were being compensated over the time period, overtime compensation for all overtime work required, suffered, or permitted by HARVEST, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

11. Plaintiff MS. CWIK is an individual who, at all times relevant hereto, was employed by HARVEST in Erie and Hermitage, Pennsylvania, from October 25, 2010 to approximately December of 2011. MS. CWIK worked for HARVEST in both a CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS position and a MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS position during the Nationwide FLSA Period. MS. CWIK worked hours in excess of forty hours per week without receiving proper payments for hours worked, including times when she did not receive the lawful minimum wage or that amount which other similarly qualified employees of HARVEST were being compensated during the time period for similar work, and/or overtime compensation for hours worked, as required by federal law.

12. Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §216(b) and 256.

13. Defendant HARVEST MANAGEMENT SUB LLC ("HARVEST") is a limited liability company organized and existing pursuant to the laws of the State of Delaware. HARVEST regularly and systematically injects itself into the commerce stream and does substantial, continuous and systematic business throughout the State of California, including in Los Angeles County. HARVEST is the owner, operator and/or manager of over 300 independent senior living communities throughout the United States operating under the "Holiday Retirement" banner, including at least 35 such facilities in the State of California. HARVEST is the direct employer of both the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and the

MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS. The practices described herein were performed by HARVEST in this district and throughout the United States.

14. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 50, and for that reason has sued such Defendants by fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to identify said Defendants when their identities are ascertained.

## *COLLECTIVE ACTION ALLEGATIONS*

15. Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS.

16. Plaintiff, the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and the MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to HARVEST'S common practice, policy, or plan of unlawfully characterizing CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS as "salaried executive, administrative and/or professional" employees and thereby failing and refusing to pay them minimum wage and overtime compensation in violation of the FLSA.

17. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the members of the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS.

18. The names and addresses of the CO-MANAGER NATIONWIDE FLSA

1  COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE
2  PLAINTIFFS are available from HARVEST'S records. Notice should be provided to
3  the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and
4  MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS via both first class
5  mail and posting in the offices where they have worked as soon as possible.

## FIRST CLAIM FOR RELIEF
*(Fair Labor Standards Act, Brought by Plaintiff on Behalf of Herself and the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS)*

19.     Plaintiff, on behalf of herself and all CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS, re-alleges and incorporates by reference paragraphs 1 through 18 as if they were set forth again herein.

20.     At all relevant times, HARVEST has been, and continues to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, HARVEST has employed, and continue to employ, "employee[s]," including Plaintiff, and each of the collective CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS. At all relevant times, HARVEST has had gross operating revenues in excess of $500,000.

21.     Attached hereto as Exhibit 1 is the Consent to Sue form signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as plaintiffs on this claim in the future.

22.     The FLSA requires each covered employer, including HARVEST, to compensate all non-exempt employees at the minimum wage for all hours worked, and

at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

23. The CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS are entitled to be paid at the minimum wage for all hours worked, and are entitled to overtime compensation for all overtime hours worked.

24. At all relevant times, HARVEST, pursuant to its policies and practices, failed and refused to pay minimum wage to the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS for all hours worked, and failed to pay overtime premiums to the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS for their hours worked in excess of forty hours per week.

25. By failing to compensate Plaintiff, the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS at the minimum wage for all hours work and for failing to compensate Plaintiff, the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, HARVEST has violated, and continues to violate, the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 206, 207(a)(1) and § 215(a).

26. By failing to record, report, and/or preserve records of hours worked by Plaintiff, the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS, HARVEST has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Plaintiff, on behalf of herself, the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS, seeks recovery of attorneys' fees and costs of action to be paid by HARVEST, as provided by the FLSA, 29 U.S.C. § 216(b).

29. Plaintiff, on behalf of herself, the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff on behalf of herself and all members of the Nationwide FLSA Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the CO-MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS and MANAGER NATIONWIDE FLSA COLLECTIVE PLAINTIFFS;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages,

to be paid by HARVEST;

    E.    Costs of action incurred herein, including expert fees;

    F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

    G.    Post-Judgment interest, as provided by law; and

    H.    Such other legal equitable relief as this Court deems necessary, just, and proper.

DATED: September 26, 2012    GARCIA, ARTIGLIERE & SCHADRACK

By: _____
Stephen M. Garcia
sgarcia@lawgarcia.com
David M. Medby
dmedby@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, CA 90831
(562) 216-5270
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: September 26, 2012    GARCIA, ARTIGLIERE & SCHADRACK

By: _____
Stephen M. Garcia
sgarcia@lawgarcia.com
David M. Medby
dmedby@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, CA 90831
(562) 216-5270
Attorneys for Plaintiff

EXHIBIT
1

## CONSENT TO JOIN AND SUE FORM

### Consent to Sue under the Fair Labor Standards Act (FLSA)

I, Sallie Cwik, was an employee of Harvest Management Sub LLC (Harvest) beginning in October, 2010.

I have read and approve the complaint in *Cwik v. Fortress Investment Group, LLC, et al.* and consent to and choose to participate in the FLSA collective action set forth therein.

I choose to be represented in this matter by the named plaintiff and counsel (Garcia, Artigliere & Schadrack) in this action.

*/s/ Sallie Cwik*
Sallie Cwik

21 day of September, 2012

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 8309 DMG (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

David M. Medby, SBN 227401
Garcia, Artigliere & Schadrack
1 World Trade Center, Ste. 1950
Long Beach, CA 90831-1950

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sallie Cwik, individually and on behalf of others similarly situated<br><br>PLAINTIFF(S)<br>v.<br>Harvest Management Sub LLC; and DOES 1 through 50, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-08309 DMG (JCx)<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Garcia, Artigliere & Schadrack_____, whose address is _1 World Trade Center, Ste. 1950, Long Beach, CA 90831-1950_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: SEP 26 2012

Clerk, U.S. District Court

**JULIE PRADO**

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                        SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Cwik, Sallie individually and on behalf of others similarly situated

**DEFENDANTS**
Harvest Management Sub LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Garcia, Artigliere & Schadrack
One World Trade Center, Suite 1950
Long Beach, CA 90831 (562) 216-5270

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☒ **MONEY DEMANDED IN COMPLAINT: $** In excess of $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Fair Labor Standards Act (29 U.S.C. section 216(b)) through misclassification of employees as exempt from overtime and minimum wage requirements.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV12-08309

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Maryland |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 26, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |