JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLIE CWIK, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>HARVEST MANAGEMENT SUB LLC and Does 1 through 50, inclusive,<br><br>        Defendants. | Case No. CV12-8309 DMG (JCx)<br><br>JUDGMENT [53] |

   The Settling Parties have submitted their Joint Motion for Final Approval of Settlement, seeking final approval for the settlement set forth in the Stipulation of Settlement (the "Stipulation").  Due and adequate notice has been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein, and all comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing, **HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

   1.   The Court, for purposes of this Judgment ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of Collective Action ("Stipulation") filed in this case.

   2.   The Court has jurisdiction over the subject matter of the Litigation and Plaintiff, the Members of the Settlement Class, and Holiday.

3.  The Court finds that the distribution of the Notice as provided for in the Stipulation and now completed constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process.  The Court further finds that because this Stipulation was reached on a collective action basis, the requirements of the Class Action Fairness Act do not apply here, and as such no notice to government officials was required for this Judgment to be enforceable.  The Court also finds that even if the Class Action Fairness Act did apply, the releases executed by Participating Claimants would by themselves be enforceable.

4.  The Court finds that the instant Litigation presented a good faith dispute over the payment of wages, and the Court finds in favor of settlement approval.

5.  The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable, and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6.  All of the Released Claims (including Unknown Claims) are dismissed with prejudice as to the Plaintiff and the other Members of the Settlement Class.  The Settling Parties are to bear their own costs and fees, except as otherwise provided in the Stipulation.

7.  Solely for purposes of effectuating this settlement, this Court has certified a collective action class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of due process and 29 U.S.C. § 216(b).

8.  With respect to the Settlement Class and for purposes of approving this settlement only, this Court finds and concludes that:  the Settlement Class meets the requirements for certification as a collective action class under 29

U.S.C. § 216(b) because the Settlement Class Members are similarly situated.

9. By this Judgment, the Plaintiff shall release, relinquish, and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, all Released Claims (including Unknown Claims).

10. This Litigation is hereby dismissed with prejudice.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Holiday; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Holiday in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In the event that the Effective Date does not occur, Holiday shall not be estopped or otherwise precluded from contesting collective action certification in the Litigation on any grounds. Holiday may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The only Settlement Class Members entitled to payment are Participating Claimants. Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual, and any funds that would have been paid to Class Members had they become Participating Claimants that are not claimed shall revert to (remain the property of) Holiday.

13. Holiday has agreed to pay Class Counsel their reasonable attorney fees in this matter in the total combined, gross amount of $1,875,000 as well

3

as allowable litigation costs and associated litigation expenses in this matter up to the gross amount of $25,000, and Holiday has agreed to pay an enhancement award in the total amount of $5,000 to Plaintiff to reimburse her for her unique services and execution of a general release. The Court finds that these agreements are fair and reasonable. Holiday is directed to make such payments in accordance with the terms of the Stipulation, as amended.

14. The Court reserves exclusive and continuing jurisdiction over the Litigation, Plaintiff, the Settlement Class, and Holiday for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and this Judgment.

15. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

DATED: January 13, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE